### SHARP v HIGBEE CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15067. Decided May 18, 1936

B. C. Boer, Cleveland, and Ira E. Arnold, Cleveland, for plaintiff in error.

McKeehan, Merrick, Arter & Stewart, Cleveland, and George William Cottrell, Cleveland, for defendant in error.

KLINGER, GUERNSEY and CROW, JJ (3rd Dist) sitting by designation.

## OPINION

By GUERNSEY, J.

This is an error proceeding from the Court of Common Pleas of Cuyahoga County, Ohio. In the action filed in the Common Pleas Court, the plaintiff in error Bessie M. Sharp was plaintiff, and the defendant in error, The Higbee Company was defendant, and the parties will be hereafter referred to in the relation they appeared in that court.

This case, which is an action for damages for personal injuries, was tried in the Court of Common Pleas to a jury. Verdict was rendered for defendant and judgment was entered on the verdict. This proceeding in error is instituted to reverse that judgment.

The amended petition in the trial court, insofar as it relates to the issues sought to be raised in this proceeding, in substance alleges:

1. That the defendant operated a beauty salon and held itself out to the feminine public to be qualified, through its agents and servants, to direct women in the taking of physical exercises and other physical routine calculated to improve the physical condition of its patrons in various respects, and offered the use of its equipment and the services of its skilled employees to the public for that purpose for compensation.

2. That the plaintiff relying upon the holding out recited, accepted the offer of the defendant by purchasing for value certain tickets which entitled her to a course of treatments and exercises to be given by and to be undertaken under the direction of the defendant's servants.

3. That while engaged in a certain limbering exercise involving the swinging of one leg back and forth while supporting the body on the foot of the other leg, all under the direction of the defendant's servants and in accordance with the directions so received, she, the plaintiff, as a direct result of following the instructions given "was unable to maintain her balance and equilibrium" as a result of which "she was precipitated downward against the floor."

4. That she was injured as a result of that fall.

5. That the defendant was negligent in the premises (said negligence being the proximate cause of the injury) in that it (a) failed and neglected to have and to maintain any limbering bars in its gymnasium room for the plaintiff to use for support at the time she was taking such exercise; (b) failed and neglected to warn the plaintiff at the time she took the exercise of the dangers incidental thereto; (c) neglected to furnish experienced and skillful physical direction in the premises; (d) was careless and negligent in directing the plaintiff to engage in the exercise in question without limbering bars or hand rail or guard for her to take hold of.

The answer filed by the defendant:

(1) Admitted the operation of the beauty salon by the defendant.

(2) Admitted that while engaging in a limbering exercise the plaintiff lost her balance and fell.

(3) Says that it was the fault of the plaintiff and not of the defendant that she fell.

The evidence, practically without conflict, was to the effect:

(1) That the plaintiff had purchased tickets entitling her to a series of treatments and instruction in physical exercise.

(2) That she had presented herself at

the defendant's salon on about ten occasions previous to the occasion on which she sustained her injuries, and under the direction of the defendant's physical director had engaged in the routine of physical exercises and, in addition, had taken certain baths administered to her by the attendants.

(3) That on each such occasion she had taken a physical exercise which consisted of facing a vertical wall at arms' length distance, placing the finger tips (or palms of the hands according to defendant) against the wall, leaning her weight against her hands and raising one leg from the floor and swinging it back and forth several times like a pendulum in a plane parallel to the wall; and that for the purpose of this exercise she was dressed in a bathing suit and paper mache slippers and was standing on a smooth composition floor.

(4) That on the occasion in question the physical director was not present and a young lady usually engaged in administering salt baths in the establishment directed the plaintiff in this same exercise.

(5) That while so engaged the plaintiff lost her balance and fell.

Concerning exactly what occurred leading up to the fall there is conflict in the testimony. Plaintiff says that while she was swinging her right leg from side to side after being told by the "bath girl" to do the "leg swinging exercise," the "bath girl" observing that she was swinging the leg gently, said in peremptory tone: "Now Mrs. Sharp, kick at the end of the swing. It will be more effective"; that the plaintiff followed this instruction, kicked as advised, and that as she did so her "body lost its balance" and "she fell"; and "my left leg went from under me and my hands went down the side of the wall, with my right leg folded under me."

The "bath girl," the only eye witness to the occurrence, denies that she instructed the plaintiff to "kick at the end of the swing" but did identify the exercise in question as the "kicking exercise."

The plaintiff in addition offered as evidence the testimony of three women each engaged professionally in the field of physical education, each with years of college training in that field and with more years of teaching experience to qualify her, each of whom testified that she was familiar with the "leg swinging exercise" in question and each of whom further testified that the usual custom and practice in the directing of this or any other exercise which involves the removal of "one point of balance" is

to substitute for that point of balance a limbering bar or other hand hold which the one taking the exercise can grab and hold firmly and that "otherwise you can't maintain your balance."

To each of these three experienced physical directors was also propounded a hypothetical question presenting the circumstances surrounding the giving of this exercise in detail and the method of its performance and direction, concluding with the inquiry "in your opinion was that exercise skillfully and properly conducted," and each of the witnesses in question expressed the opinion that it was not.

Motions were made by the defendant for a directed verdict both at the close of plaintiff's testimony and at the close of all the testimony, and both were overruled.

The errors assigned in the petition in error, are errors in the charge of the court, and while a number of such errors are assigned, we will confine our consideration to one of the assigned errors, as in the view we take of this case a consideration of that assignment disposes of the entire case.

The charge complained of is as follows:

"The court says to you as a matter of law, ladies and gentlemen of the jury, that the question of balance of an individual is entirely within the individual. If you find that the plaintiff sustained her accident as a direct result of the losing of her balance at the time complained of, your verdict herein should be in favor of the defendant."

Under the pleadings and evidence in this case, this charge amounted to the direction of a verdict in favor of the defendant as the petition charges, and the answer admits, that plaintiff lost her balance and fell while engaged in the limbering exercises, and the evidence is to the same effect.

The question for determination then, is whether the defendant, under the pleadings and the evidence, was entitled to a directed verdict in its favor.

While there are four specifications of negligence on the part of the defendant, alleged in the petition, all of said specifications are based on two facts. First, that the defendant did not have and maintain limbering bars in its gymnasium room for the plaintiff to use for support at the time she was taking such exercise; and, second, the direction given by defendant's employee to the plaintiff to kick at the end of the swing.

We will consider these facts in the order

mentioned in relation to the claimed liability of the defendant.

It is a matter of common knowledge, even to babies learning to walk, that a person is better able to maintain his or her balance in taking an exercise involving the removal of a point of balance or any other exercise by holding to a bar or other object for support than by placing the hands against the wall for support. Being a matter of common knowledge the plaintiff was chargeable with the knowledge as well as the defendant, and for this reason reasonable minds cannot arrive at any other conclusion than that if the defendant was negligent in failing to provide limbering bars, the plaintiff was contributorily negligent as a matter of law in taking the exercise in the absence and without the support of such bars.

The sense of balance (labyrinthine sense) is peculiarly within the control of each individual. If in making the kick in the manner directed, the plaintiff lost her balance, or the proximate cause of her loss of balance and consequent fall was her failure to exercise her sense of balance in executing the movement; and if defendant's servant was negligent in directing her to kick, reasonable minds can arrive at no other conclusion than that she was contributorily negligent in her failure to exercise her sense of balance in executing such movement.

As the plaintiff was contributorily negligent as a matter of law with respect to any negligence of defendant, the charge which under the circumstances of the case amounted to a directed verdict in favor of defendant, was proper, and the judgment of the Common Pleas Court will therefore be affirmed.

KLINGER, PJ, concurs.
CROW, J, dissents.

CROW, J, dissenting.

The bill of exceptions contains substantial evidence tending to prove a variety of circumstances from which reasonable minds may properly reach opposite conclusions on the issues of actionable negligence of defendant and contributory negligence of plaintiff.

Therefore the direction of a verdict for defendant was erroneous and a new trial should be awarded.